1  THOMAS TOSDAL, STATE BAR NO. 067834
   FERN M. STEINER, STATE BAR NO. 118588
2  TOSDAL, SMITH, STEINER & WAX
   401 West A Street, Suite 320
3  San Diego, CA 92101-7911
   Telephone:  (619) 239-7200
4  Fax:  (619) 239-6048

5  Attorneys for Defendant TEAMSTERS LOCAL 542

6

7

8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

11  JESUS PEREZ, an individual,     )   CASE NO.:  **'11CV0017 JAH WVG**
                                    )
12                                  )   **NOTICE OF REMOVAL OF CIVIL**
              Plaintiff,            )   **ACTION**
13                                  )   **[28 U.S.C. §1441(a), (b) and**
         v.                         )   **1446]**
14                                  )
    TEAMSTERS LOCAL 542, a          )
15  business entity; and DOES 1     )
    through 20, inclusive,          )
16                                  )
              Defendants.           )
17  _____)
                                    )
18                                  )

19  **TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF**

20  **CALIFORNIA**:

21      PLEASE TAKE NOTICE that TEAMSTERS LOCAL 542, whose correct

22  legal name is TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS,

23  LOCAL UNION NO. 542 ("Local 542") and who is a defendant in a

24  pending action in the San Diego Superior Court, removes the state

25  court action to this Court under 28 U.S.C. §§1441(a) and (b) and

26  1446.  Plaintiff has alleged "Wrongful Termination in Violation of

27  Public Policy (29 U.S.C. §§151-169)".  As a result of Plaintiff's

28  claim of violation of the National Labor Relations Act (29 U.S.C.

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA  92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1    §§151-169), this Court has original jurisdiction "founded on a

2    claim or right arising under the Constitution" and laws of the

3    United States over which this Court has original jurisdiction.  29

4    U.S.C. §§1441(a) and (b).

5    1. TEAMSTERS LOCAL 542 is a defendant in an action filed by its

6    former business agent plaintiff JESUS PEREZ ("Perez").  The civil

7    action was filed on November 30, 2010, in the San Diego Superior

8    Court, Central Division, and bears case no. 37-2010-00104945-CU-WT-

9    CTL.

10   2.  Personal service of the summons and the Complaint was made on

11   Local 542 on December 18, 2010. The Complaint is the initial

12   pleading setting forth the claim upon which the action is based. No

13   further proceedings have occurred in the Superior Court in this

14   action.   This notice of removal is filed within 30 days after

15   service of the summons and Complaint.

16   3.   The following constitutes all of the process, pleadings, and

17   orders served on Local 542 in this action to date: the civil case

18   cover sheet, summons, notice of case assignment, notice to

19   litigants/ADR information package, stipulation to alternative

20   dispute resolution process, and the Complaint.  True and copies of

21   these documents are attached as Exhibit 1 to this notice.

22   4.  Local 542 is a labor organization as defined in Section 2(5) of

23   the Taft-Hartley Act, as amended, 29 U.S.C. Section 152(5) and

24   Section 301(a), (b), and (c), 29 U.S.C. Section 185 (a), (b) and

25   (c).  Local 542's principal place of business is in the County of

26   San Diego, State of California.

27   5.    Defendant is informed and believes that plaintiff is an

28   individual residing within the jurisdiction of the United States

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1  District Court for the Southern District of California.

2  6.   The Complaint alleges that plaintiff was an employee of
3  defendant Local 542 from September 2, 2001 to July 26, 2010. In his
4  second cause of action plaintiff alleges that he was terminated in
5  violation of public policy - the National Labor Relations Act, 29
6  U.S.C. §§151-169.

7  7.   A civil action for violation of the National Labor Relations
8  Act arises under federal law, 29 U.S.C. §§151-169. *San Diego Unions*
9  *v. Garmon* (1959) 359 US 236, 244, 245.

10 8.   The District Courts of the United States have original
11 jurisdiction of the above civil action, without regard to the
12 amount in controversy or the citizenship of the parties, pursuant
13 to 28 U.S.C. §1331, and this action may therefore be removed to
14 this Court pursuant to the provisions of 28 U.S.C. Section 1441
15 (a),(b).

16 9.   Plaintiff's First Cause of Action alleges a breach of an
17 implied contract, a state law claim.  All claims in this action
18 arise out of the same transaction or occurrence – namely,
19 plaintiff's employment with Local 542 and the termination of
20 plaintiff's employment.  The claims thus arise under a common
21 nucleus of operative facts and would normally be tried in a single
22 judicial proceeding.  The entire case is therefore removable under
23 this Court's original pendent jurisdiction 28 U.S.C. §1441 (b).
24 *Wood v. City of Lanett* (2008) 564 F Supp 2d 1317.

25 10.  Alternatively, if any of the claims in this suit are separate
26 and independent from any of the others, this Court may in its
27 discretion exercise jurisdiction over the entire case.  28 U.S.C.
28 §1441(c).  United Mine Workers v. Gibbs (1966) 383 U.S. 715, 725,

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

3

1   726.

2   11.   This Notice is filed within thirty (30) days after service on

3   removing party of Summons and Complaint in the above-entitled

4   action.

5   12.   Concurrently with the filing of this notice, Local 542 is

6   filing notice of this removal with the San Diego Superior Court and

7   serving notice of this removal on all other parties in the action.

8         WHEREFORE, the removing party, Defendant Local 542 prays that

9   the above-entitled action now pending in the Superior Court of the

10  State of California in and for the County of San Diego, Case Number

11  37-2010-00104945-CU-WT-CTL, be removed from that Court to this

12  honorable Court.

13

Dated: January 5, 2011                    TOSDAL SMITH STEINER & WAX

14

15

16                                         Fern M. Steiner
                                           Thomas L. Tosdal
17                                         Attorneys for defendant
                                           Teamsters Local 542

18

19

20

21

22

23

24

25

26

TOSDAL, SMITH, STEINER 27
& WAX
491 West A Street, Suite 320
San Diego, CA 92101-7911   28
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

4

# Exhibit 1

Hans Gienapp, Esq. (SBN 234551)
LARABEE GIENAPP, APC
2120 Fourth Avenue
San Diego, CA 92101
TELEPHONE NO.: 619-234-3054     FAX NO.:
ATTORNEY FOR (Name): Plaintiff, JESUS PEREZ

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
Perez v. Teamsters Local 542, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2010-00104945-CU-WT-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 30, 2010

Hans Gienapp
_____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# SUMMONS
## (CITACIÓN JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TEAMSTERS LOCAL ~~732~~ 542, a business entity, and DOES 1 through 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JESUS PEREZ

FILED
CIVIL BUSINESS OFFICE 3
CENTRAL DIVISION

2010 NOV 30  PM 3: 17

SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court

330 West Broadway
San Diego, CA 92101

| CASE NUMBER: *(Número del Caso):* |
|---|
| 37-2010-00104945-CU-WT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Hans Gienapp, 2120 Fourth Avenue, San Diego, CA 92101 (619) 234-3054

DATE: *(Fecha)* NOV 3 0 2010     Clerk, by *(Secretario)* L. Uriarte     , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Teamsters Local 542

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
      ☒ other *(specify):* DBA

4. ☐ by personal delivery on *(date):*

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1 | Dale R. Larabee  q. (SBN 50962)
Hans Gienapp Es.  (SBN 234551)
2 | LARABEE GIENAPP, APC
2120 Fourth Avenue
3 | San Diego, CA 92101
Telephone:   (619) 234-3054
4 | Facsimile:   (619) 234-3001

5 | Attorneys for Plaintiff,
**JESUS PEREZ**
6

7

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | SAN DIEGO CENTRAL DISTRICT

11 | JESUS PEREZ,

Case No.   **37-2010-00104945-CU-WT-CTL**

12 | Plaintiff,

13 | v.

**PLAINTIFF'S COMPLAINT FOR
(1) BREACH OF IMPLIED CONTRACT
(2) WRONGFUL TERMINATION IN
VIOLATION OF PUBLIC POLICY -
National Labor Relations Act 29 U.S.C. §§
151-169**

14 | TEAMSTERS LOCAL 542, a business entity,
and Does 1 through 20, Inclusive,

15

16 | Defendants.

**[Jury Trial Demanded]**

17

18 | COMES NOW, the Plaintiff, JESUS PEREZ (hereafter "PEREZ" or Plaintiff") and for

19 | his causes of action against the Defendants, and each of them, alleges as follows:

20 | **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

21 | 1) Plaintiff is informed and believes and thereon alleges that damages for the causes of

22 | action stated herein are in excess of $25,000.00, and therefore, within the jurisdiction of

23 | this court.

24 | 2) Plaintiff at all times herein mentioned was, and is a resident of the County of San Diego,

25 | State of California.

26 | 3) Plaintiff is informed and believes and thereon alleges that Defendant, TEAMSTERS

27 | LOCAL 542 (hereinafter "TEAMSTERS" or "Defendant") and DOES 1 through 20,

28

---

Filed stamp:
FILED
CIVIL BUSINESS OFFICE 3
CENTRAL DIVISION
2010 NOV 30  PM 3: 1○
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

inclusive, and at all relevant times mentioned herein, either individual or business residents of the County of San Diego, State of California, and the cause of action for damages herein stated is within the jurisdiction of this court. On information and belief TEAMSTERS employs in excess of five employees in San Diego County and elsewhere.

4) No cause of action in this complaint arises out of any collective bargaining agreement of any labor organization and does not therefore fall under the jurisdiction of 29 USC § 185, the Taft-Hartley Act.

5) Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20 and therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named Defendants is negligently responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by said negligence.

6) Plaintiff is informed and believes and thereon alleges that at all times mentioned herein each of the Defendants was the agent or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## FACTS COMMON TO ALL CAUSES OF ACTION

7) At all times pertinent to this Complaint, PEREZ was employed by TEAMSTERS as a Business Agent. PEREZ was hired as a Business Agent on September 2, 2001. On or about July 26, 2010 Plaintiff's employment with Defendant was wrongfully terminated as herein alleged.

8) Although no written contract for employment between PEREZ and TEAMSTERS exists, an implied contract manifested by conduct of the parties was created. As outlined below, after September 5, 2007 the implied contract between PEREZ and TEAMSTERS included, but is not limited to, a term which held that PEREZ could not be terminated for

speaking against and not supporting incomi  Secretary Treasurer and President JAIME VASQUEZ (hereinafter "VASQUEZ") and PHIL FARIAS (hereinafter "FARIAS") when VASQUEZ and FARIAS announced their intention to run for these positions in 2007.

9)   PEREZ was hired in 2001 by PHIL SAAL, who was the then current Secretary Treasure of TEAMSTERS.  SAAL told PEREZ that the entire team, which included the officers and staff including Business Agents like PEREZ, could lose their jobs if at the end of a three year term, new individuals were elected into the officer positions.  SAAL told PEREZ that aside from the possibility of a change of officers, that PEREZ was safe in his Business Agent position as long as he performed well.   PEREZ understood SAAL's comments to mean it was the custom and practice of TEAMSTERS to only terminate staff including Business Agents for cause.

10)  Between September 2, 2001 and July 26, 2010 no TEAMSTERS Business Agent other than PEREZ was involuntarily terminated.

11)  In 2005 SAAL retired and KEN LUNDGREN became the Secretary Treasurer.  No involuntary changes to staff were made by LUNDGREN.

12)  In September 2007, at the end of the three year term, Ken Lundgren was still the Secretary-Treasurer of TEAMSTERS LOCAL 542.  Business Agents VASQUEZ and FARIAS announced that they were running against Lundgren for the positions of Secretary Treasurer and President respectively.  PEREZ and one other TEAMSTERS employee spoke out against VASQUEZ and FARIAS.

13)  During meetings and discussion among TEAMSTERS officers and staff in the run up to the 2007 elections the following terms were eventually agreed upon: (1) LUNDGREN would retire on June 30, 2008; (2) VASQUEZ would assume the role of Secretary-Treasurer at the time LUNDGREN retired; (3) the officers and Business Agents would accept VASQUEZ and FARIAS as one slate for the three year term; (4) the officers and Business Agents would act in good faith and support the entire slate in the elections; and

---

PLAINTIFF'S COMPLAINT FOR DAMAGES

(5) there \ )d be no negative actions, no retaliat )taken against PEREZ and another TEAMSTERS' employee who did not support VASQUEZ. The terms were in part written and in part oral.

14)   Throughout his employment with TEAMSTERS, PEREZ performed the duties of his work assignments in a capable and competent manner, and has been so recognized by management and supervisory personnel. PEREZ regularly received salary increases and commendations. Prior to 2008 there was no criticism of his performance.   However after June 2008, when VASQUEZ became Secretary Treasurer, PEREZ was forced to endure a series of unlawful, harassing, and discriminatory behavior from TEAMSTERS culminating in his wrongful termination on July 26, 2010.

15)   In the spring of 2009 PEREZ was asked to attend a meeting between two union members and a manager a Costco Warehouse. At the meeting PEREZ helped resolve an issue concerning accounting of the cash in cash registers that had been going on for over a year. The union members had previously filed grievances on this issue. After the meeting PEREZ wrote a letter to VASQUEZ and FARIAS indicating the he, PEREZ felt this was a case of Failure of Representation on the part of TEAMSTERS. PEREZ wrote that the grievances filed should have been addressed in a timely fashion. PEREZ had concerns that the incident could lead to a complaint with the National Labor Relations Board (NLRB). On information and belief, PEREZ alleges that a complaint about the issue was raised by the members with the NLRB.

16)   On or about May 28, 2010 VASQUEZ called PEREZ into a meeting. VASQUEZ chastised PEREZ for what VASQUEZ claimed were performance issues going back several months. On or about June 1, 2010 PEREZ gave VASQUEZ a written response to the issues VASQUEZ raised. One of the issues involved PEREZ not following VASQUEZ's request to file a grievance against the North County Transit District during an outsourcing of jobs to First Transit. As PEREZ told VASQUEZ at the time of the incident and in his letter, TEAMSTERS had no grounds to file a grievance against North

---

County T. )it District as both the Transit District . )First Transit were both in contract with TEAMSTERS at the time.  AS PEREZ explained it was against the dictates of TEAMSTERS to file a grievance when the new jobs were going to other TEAMSTERS members.    In his June 1, 2010 letter PEREZ addressed other similar issues raised by VASQUEZ.

17)  On or about July 2010, VASQUEZ, FARIAS, and other TEAMSTERS' executive board members voted to retain Mr. Frank Pendleton as the Recording Secretary.  On or about July 8, 2010 PEREZ wrote a letter to VASQUEZ and the executive board indicating that it was a violation of the local by-laws as well as the International Brotherhood of Teamsters Constitution for Mr. Pendleton to continue on the board as he was no longer a dues paying member.   PEREZ's letter voiced his concern about other potential violations of by-laws that might follow.  Mr. Pendleton resigned quickly thereafter.

18)  On July 26, 2010 VASQUEZ presented PEREZ with a termination letter.  The letter states that PEREZ was not loyal to the policies and decisions of the local and specifically not loyal to VASQUEZ and PEREZ.  The letter goes on to accuse PEREZ of being disrespectful to VASQUEZ and PEREZ.    When PEREZ asked VASQUEZ how and when he was disrespectful to VASQUEZ and FARIAS, VASQUEZ said that he did not have to tell PEREZ.

### FIRST CAUSE OF ACTION
### BREACH OF IMPLIED CONTRACT

19)  Plaintiff incorporates by reference, as though fully set forth, paragraphs 1 through 18 of this complaint.

20)  The terms and conditions of PEREZ'S employment with TEAMSTERS were governed by acknowledged employment policies, employer statements, agreements with employees, customs, and the employer's past practices and outlined herein.  The result was an implied contract which prohibited PEREZ from being terminated except for good

---

PLAINTIFF'S COMPLAINT FOR DAMAGES

5

cause.

21)   In taking the adverse actions against PEREZ complained of herein, TEAMSTERS breached such contract of employment.

22)   As a direct, foreseeable, and proximate result of Defendant's breach of said contract, PEREZ has lost income and career opportunities, and has suffered other economic losses to be determined at the time of trial. PEREZ has sought to mitigate such wage-related damages.

## SECOND CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (29 U.S.C. §§ 151-169)

23)   Plaintiff incorporates by reference, as though fully set forth, paragraphs 1 through 22 of this complaint.

24)   Defendant TEAMSTERS, by and through its managing agents and/or employees, violated the public policy of California by retaliating against PEREZ as alleged herein. Further, in terminating PEREZ as alleged herein, Defendant TEAMSTERS violated the express public policy of this state.

25)   As a direct, foreseeable, and proximate result of Defendant's conduct, PEREZ has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and other economic losses in an amount to be determined at time of trial. Plaintiff has sought to mitigate these damages. As a proximate result of Defendants' willful, knowing and intentional discrimination and retaliation against PEREZ, he has sustained, and continues to sustain, such intangible loss of employment-related opportunities and experience in the position which PEREZ would have garnered. Plaintiff has been damaged in an amount according to proof at trial.

26)   As a further proximate result of Defendant's willful, knowing and intentional retaliation and termination of PEREZ, he has suffered and continues to suffer humiliation, emotional

---

PLAINTIFF'S COMPLAINT FOR DAMAGES

distress, loss of reputation, mental and physical pain and anguish, general and special damages in a sum to be established according to proof.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.    For compensatory damages, including loss of wages, promotional opportunities, benefits and other opportunities of employment, according to proof;

2.    For general and special damages according to proof;

3.    For an award of interest, including prejudgment interest, at the legal rate;

4.    For costs of suit herein; and

5.    For such other and further relief that the court deems just and proper.

DATED: November 30, 2010                         LARABEE GIENAPP, APC

                                                By: _____
                                                    HANS GIENAPP, ESQ.
                                                    Attorneys for Plaintiff
                                                    JESUS PEREZ

| SUPERIOR COURT OF CALIFORNIA, COU          ) OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:       330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101 | |
| BRANCH NAME:          Central | |
| TELEPHONE NUMBER:  (619) 450-7065 | |

| PLAINTIFF(S) / PETITIONER(S):     Jesus Perez |
|---|
| DEFENDANT(S) / RESPONDENT(S):  Teamsters Local 542 |

| PEREZ VS. TEAMSTERS LOCAL 542 | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2010-00104945-CU-WT-CTL |

Judge:  Joan M. Lewis                                         Department: C-65

**COMPLAINT/PETITION FILED:** 11/30/2010

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

**NOTICE OF CASE ASSIGNMENT**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2010-00104945-CU-WT-CTL       CASE TITLE: Perez vs. Teamsters Local 542

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter 3 and Code of Civil Procedure 1141 et seq. address this program specifically.

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:        Central | |

| PLAINTIFF(S):    Jesus Perez |
|---|

| DEFENDANT(S): Teamsters Local 542 |
|---|

| SHORT TITLE:    PEREZ VS. TEAMSTERS LOCAL 542 |
|---|

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER:<br>37-2010-00104945-CU-WT-CTL |
|---|---|

Judge: Joan M. Lewis                                                 Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                           ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                      ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                      Name of Defendant

_____          _____
Signature                                             Signature

_____          _____
Name of Plaintiff's Attorney                          Name of Defendant's Attorney

_____          _____
Signature                                             Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated:  11/30/2010

_____
JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 01-07) | STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION | Page: 1 |
|---|---|---|

3

1   FERN M. STEINER, ESQ., CSB No. 118588
     TOSDAL, SMITH, STEINER & WAX
2   401 West A Street, Suite 320
     San Diego, CA 92101
3   Telephone: (619) 239-7200
     Fax: (619) 239-6048
4
     Attorneys for Defendant TEAMSTERS LOCAL 542
5

6

7

8

                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                       SAN DIEGO COUNTY, CALIFORNIA
10

| JESUS PEREZ, | ) | Case No. 37-2010-00104945-CU-WT-CTL |
|---|---|---|
| Plaintiff, | ) ) | I/C Judge: Joan M. Lewis |
| v. | ) ) | Dept. C-65 |
| TEAMSTERS LOCAL 542, a business entity, and DOES 1 through 20, Inclusive, | ) ) ) | **NOTICE TO SUPERIOR COURT OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT** |
| Defendants. | ) ) ) | Complaint Filed: 11/30/2010 |

17   **TO THE CLERK OF THE SAN DIEGO SUPERIOR COURT**

18         PLEASE TAKE NOTICE that on January 5, 2011, Defendant Teamsters Local 542 filed

19   in the United States District Court for the Southern District of California a Notice of Removal of

20   Civil Action.  A copy of the Notice of Removal is attached as Exhibit 1 to this notice.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

TOSDAL, SMITH, STEINER
& WAX
11 West A Street, Suite 320
in Diego, CA 92101-7911
elephone: (619) 239-7200
acsimile: (619) 239-6048

NOTICE TO SUPERIOR COURT OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

1     PLEASE TAKE FURTHER NOTICE that under 28 U.S.C. §1446(d) the filing of this

2  notice with the Clerk of the Superior Court effects the removal of this action to the United States

3  District Court and the Superior Court shall proceed no further unless and until the case is

4  remanded to the Superior Court.

5

   Dated: January 5, 2011              TOSDAL, SMITH, STEINER & WAX

6

7

                            BY: _____

8                              FERN M. STEINER

9                              Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OSDAL, SMITH, STEINER
& WAX
1 West A Street, Suite 320
n Diego, CA 92101-7911
lephone: (619) 239-7200
csimile: (619) 239-6048

2

Re:   <u>Jesus Perez v. Teamsters Local 542</u>
      Case No.: 37-2010-00104945-CU-WT-CTL

## PROOF OF SERVICE

I, the undersigned, hereby declare and state:

I am over the age of eighteen years, employed in the city of San Diego, California, and not a party to the within action.  My business address is 401 West A Street, Suite 320, San Diego, California.

On January 5, 2011, I served the within documents described as:

**NOTICE TO SUPERIOR COURT OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**

via the method indicated:

| Party | Method of Service |
| --- | --- |
| Dale R. Larabee, Esq.<br>Hans Gienapp, Esq.<br>Larabee Gienapp, APC<br>2120 Fourth Avenue<br>San Dieog, CA 92101<br>Telephone: (619) 234-3054<br>Fax: (619) 234-3001<br>(Attorneys for Plaintiff JESUS PEREZ) | First Class Mail |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 5, 2011, at San Diego, California.

_Elizabeth Diaz_
Elizabeth Diaz

TOSDAL, SMITH, STEINER
& WAX
401 West A Street, Suite 320
San Diego, CA 92101-7911
Telephone: (619) 239-7200
Facsimile: (619) 239-6048

1
PROOF OF SERVICE

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Jesus Perez

## DEFENDANTS

Teamsters Local 542

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Dale R. Larabee & Hans Gienapp / Larabee Gienapp, APC
2120 Fourth Ave., San Diego, CA 92101; 619-234-3001

Attorneys (If Known)  '11CV0017 JAH WVG

Fern M. Steiner, Esq. / Tosdal, Smith, Steiner & Wax
401 W. A St., Ste 320, San Diego, CA 92101; 619-239-7200

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  **PERSONAL INJURY** | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  ☐ 362 Personal Injury - | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability   Med. Malpractice | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &  ☐ 365 Personal Injury - | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander   Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'  ☐ 368 Asbestos Personal | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Injury Product | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine   Liability | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product  **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability  ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability   Property Damage | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal  ☐ 385 Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury   Product Liability | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/  **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations  ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | Under Equal Access |
|  | Employment  ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities -  ☐ 555 Prison Condition | Alien Detainee |  | ☐ 950 Constitutionality of |
|  | Other |  ☐ 465 Other Immigration |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from another district (specify)

☐ 6  Multidistrict Litigation

☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 151-169

Brief description of cause:  Former employee of Defendant is suing for wrongful termination in violation of 29 USC 151-169

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____  DOCKET NUMBER _____

DATE
01/05/2011

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____